

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ANNIE L. ALFORD, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 9:04-23335-HFF-GCK |
| § | |
| JO ANNE BARNHART, Commissioner § | |
| of Social Security, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This is a Social Security action. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which he recommends that the Commissioner's decision to deny benefits be affirmed. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC. For the reasons stated below, the Court adopts the Magistrate's report and affirms the Commissioner.

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Matthews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Social Security Act precludes a *de novo* review of the evidence and requires the Court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

### III.   DISCUSSION[1]

The Magistrate Judge filed his report on November 30, 2005.  On December 14, 2005, Plaintiff filed objections in which she argued that Defendant's decision was tainted by certain legal

---

[1] The facts of this case are adequately stated in the Magistrate Judge's report.  As the Court incorporates the report into this Order, it does note recite the facts here.

and procedural errors and not supported by substantial evidence. The Court reviews each of Plaintiff's objections in turn.

Plaintiff first contends that Defendant failed to develop the record fully and fairly. Specifically, Plaintiff alleges that Defendant failed to review or include Plaintiff's mental health treatment notes for 2003 in the record. According to Plaintiff, Defendant erred in making a credibility determination without reviewing these notes.

The Court overrules this objection. Even without the inclusion of these notes, Defendant's decision is supported by substantial evidence. Defendant, for example, concluded that the mental treatment notes from 2002 "indicate that while depressive symptoms were never fully resolved, with therapy and medication, symptoms are kept at a 'tolerable baseline.'" (Tr. 20.) Even had the 2003 notes indicated otherwise, Defendant could have relied on the 2002 notes to deny benefits. In doing so, her decision would have been supported by substantial evidence.

Second, Plaintiff objects to Defendant's failure to refer specifically to the testimony of Plaintiff's husband in her decision. As noted by the Magistrate Judge, Defendant heard testimony from Plaintiff's husband and, when rendering her decision, referred specifically to evidence in the record which supports that decision. Thus, as Defendant's decision refers to substantial supporting evidence, it will not be disturbed for failure to refer specifically to the testimony of Plaintiff's husband. *See, e.g., Nelson v. Apfel*, 166 F.3d 333 (4th Cir. 1998) (table) (finding that Commissioner's reference to evidence supporting her decision satisfies requirement of explicitly weighing evidence); *Davis v. Apfel*, 162 F.3d 1154 (4th Cir. 1998) (table) (same); *Brim v. Chater*, 74 F.3d 1230 (4th Cir. 1996) (table) (same); *Hoke v. Chater*, 74 F.3d 1231 (4th Cir. 1996) (table) (same).

Third, Plaintiff objects to the Magistrate Judge's conclusion that Defendant's determination that Plaintiff's emotional state had improved was supported by substantial evidence. As the Magistrate Judge's conclusion is correct, the Court overrules Plaintiff's objection. While Plaintiff cites evidence in the record which tends to indicate that she continued to suffer emotional problems, other relevant and substantial evidence shows that Plaintiff's emotional condition had improved. (Report 13.) The Court is precluded from reweighing the evidence and is constrained to affirm Defendant's denial of benefits based on substantial supporting evidence in the record.

In her fourth objection, Plaintiff essentially restates her prior objection to Defendant's failure to refer specifically to the testimony of Plaintiff's husband. Plaintiff further maintains that Defendant failed to consider the testimony of treating professionals which supports the view that Plaintiff had difficulty in leaving home and was emotionally disturbed. Again, the Court overrules Plaintiff's objection. As already noted, Defendant's failure to refer specifically to the testimony of Plaintiff's husband is not fatal, as Defendant's decision explicitly referred to evidence which supported the denial of benefits. Further, substantial evidence in the record supports Defendant's discounting of Plaintiff's subjective complaints. (Transcript at 17-18.) Despite the fact that Plaintiff's husband and physicians support Plaintiff's subjective complaints, the Court cannot say that Defendant's decision to discount those complaints was not supported by substantial evidence. Plaintiff's insistence that the Court reweigh the evidence must be refused.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Defendant did not err in deciding not to rely on a response from the vocational expert which was favorable to Plaintiff's position. The Court overrules this objection. As the Magistrate Judge noted, Defendant's decision not to rely on the expert's response to a question from Plaintiff's attorney–but instead to rely on a

response to a question from the administrative law judge–is consistent with the conclusions which Defendant reached with regard to the evidence in the record as a whole. The hypothetical question from Plaintiff's attorney required the expert to assume that Plaintiff's subjective complaints were credible. As Defendant had determined these complaints were not credible, she was free to refuse to rely on a hypothetical response which was premised on the credibility of the complaints. Indeed, not to do so would have created an inconsistency in the record and in Defendant's reasoning.

**IV.    CONCLUSION**

The Court overrules Plaintiff's objections to the Magistrate Judge's report, adopts the report, and incorporates it herein to the extent that it does not contradict the terms of this Order. Based on the foregoing, the Court finds that Defendant's determination that Plaintiff is not entitled to disability insurance benefits should be, and hereby is, **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 20th day of December, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE